**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7107**

LAMARR BARTHELL DINGLE,

          Petitioner - Appellant,

     v.

DIRECTOR OF THE DEPARTMENT OF CORRECTIONS,

          Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:16-cv-00023-GBL-IDD)

Submitted:  November 21, 2017          Decided:  January 12, 2018

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Lamarr Barthell Dingle, Appellant Pro Se.  Leah A. Darron, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamarr Barthell Dingle seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The district court's order was entered on the docket on April 28, 2017. The notice of appeal was filed on August 15, 2017,[*] after the applicable 30-day appeal period had expired. *See* 28 U.S.C. § 2107(a) (2012); Fed. R. App. P. 4(a)(1)(A). However, contemporaneously with the filing of his notice of appeal, Dingle asserted in a letter to the district court that he did not timely receive notice of the entry of the April 28 order. We construe this letter as a motion to reopen the appeal period. *See* Fed. R. App. P. 4(a)(6)(A). Because the 30-day appeal period is jurisdictional, *Bowles v. Russell*, 551 U.S. 205, 214 (2007), we remand the case for the limited purpose of allowing the district court to determine whether to reopen the time to file an appeal, pursuant to Rule 4(a)(6). The record, as supplemented, will then be returned to this court for further proceedings.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

2